## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MOSI SECRET**
119 Bainbridge Street
Brooklyn, N.Y. 11233

        Plaintiff,

    v.

**FEDERAL BUREAU OF
INVESTIGATION**
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

**DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

        Defendants.

Civil Action No. _____

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Mosi Secret ("Secret" or "Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by journalist Mosi Secret.

2.    By this action, Plaintiff seeks to compel the Federal Bureau of Investigation (the "FBI") and Department of Justice ("DOJ") (collectively, "Defendants") to comply with their obligations under FOIA to release records that Plaintiff requested that concern the deceased racial justice activist Darren Seals.  Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

**PARTIES**

3.      Plaintiff Mosi Secret has been a journalist for more than seventeen years.  Formerly, he spent two years as an investigative journalist at ProPublica, and five years reporting on a variety of topics for *The New York Times*.  At present, he is an independent reporter covering the judicial system, law enforcement, and the provision of social services in communities across the nation. Secret has won numerous local and national awards for his work, and he was awarded a Knight-Wallace Journalism Fellowship in 2015.  He is a visiting journalist at the Russell Sage Foundation and a fellow with the American Academy in Berlin.  His office is located at 119 Bainbridge Street, Brooklyn, NY 11233.

4.      Defendant Federal Bureau of Investigation is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  The FBI's headquarters is located at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

5.      Defendant Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  The DOJ's headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Plaintiff's FOIA Request

8.      This case involves a FOIA request made by Plaintiff to the FBI about the deceased racial justice activist Darren Seals.

9.      On August 8, 2019, Secret submitted a FOIA request to the FBI via certified mail (the "Request").  A true and correct copy of the Request is attached hereto as **Exhibit A** and is incorporated by reference herein.

10.     The Request sought "any and all records related to Darren Seals, whose date of birth is May 15, 1987, and date of death is Sept. 6, 2016."  The Request included proof of death.

11.     The Request sought both a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

12.     The Request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E).

13.     On September 18, 2019, Secret sent an email to the FBI Record/Information Dissemination Section (RIDS), requesting a tracking number for the Request.  As of that date, Secret had not yet received an acknowledgment letter from the FBI containing a tracking number. A true and correct copy of Secret's September 18, 2019 email is attached hereto as **Exhibit B**.

14.     On or about September 19, 2019, a public information officer with the FBI responded to Secret via email, informing him that the Request was assigned tracking number 1444659-000.  The public information officer informed Secret that the FBI had mailed him an acknowledgment letter dated August 19, 2019 to a P.O. Box which Secret had learned was not receiving mail due to a technical error.  The public information officer agreed to re-send the acknowledgment letter and other correspondence associated with the Request to Secret's home address.

15.     On or around October 1, 2019, the FBI sent to Secret (1) an acknowledgement letter for the Request, which granted Secret special fee status as a representative of the news media, (2) a letter stating the estimated total cost for processing the Request, (3) a letter denying a fee waiver for the Request, (4) a letter denying expedited processing for the Request, and (5) a letter stating that "unusual circumstances" applied to the processing of the Request.  A true and correct copy of each letter is attached hereto as **Exhibits C–G**, respectively.[1]

16.     On October 7, 2019, Secret emailed RIDS to state that he was willing to pay the estimated cost for processing records in response to the Request and providing responsive records via CD, up to the amount specified in the FBI's cost letter, *see* Ex. D, which was $190.00.  A true and correct copy of Secret's October 7, 2019 email is attached hereto as **Exhibit H**.

17.     By email on October 8, 2019, an FBI public information officer acknowledged receipt of Secret's email and stated that Secret's email had been forwarded to the assigned analyst for review and determination.  A true and correct copy of the FBI's October 8, 2019 email is attached hereto as **Exhibit I.**

18.     On October 16, 2019, Secret emailed RIDS to ask for an estimated date of completion as to the processing of the Request.  A true and correct copy of Secret's October 16, 2019 email to the FBI is attached hereto as **Exhibit J**.

19.     By email on October 17, 2019, an FBI public information officer informed Secret that the estimated date of completion for the Request was 1,432 days from the date the FBI opened the Request.  A true and correct copy of the FBI's October 17, 2019 email is attached hereto as **Exhibit K.**

---

[1] Three of these exhibits also contain handwritten annotations added by Plaintiff.

20.     By email on November 20, 2019, the Negotiation Team of the FBI Information Management Division emailed Secret stating that Secret could accelerate the processing of the Request by narrowing its scope.  A true and correct copy of the FBI's November 20, 2019 email is attached hereto as **Exhibit L.**

21.     Later that same day, Secret responded to the Negotiation Team of the FBI Information Management Division stating that he would like to discuss narrowing the scope of the Request.  A true and correct copy of Secret's November 20, 2019 response email to the FBI is attached hereto as **Exhibit M**.

22.     By email on November 21, 2019, the Negotiation Team of the FBI Information Management Division provided Secret with the FBI's recommendation for narrowing the scope of the Request.  A true and correct copy of the FBI's November 21, 2019 email is attached hereto as **Exhibit N.**

23.     By email on November 29, 2019, Secret informed the Negotiation Team of the FBI Information Management Division that he had decided not to narrow the scope of the Request.  A true and correct copy of Secret's November 29, 2019 email to the FBI is attached hereto as **Exhibit O**.

24.     By email on December 2, 2019, the Negotiation Team of the FBI Information Management Division confirmed that the FBI would process the Request without narrowing its scope.  A true and correct copy of the FBI's December 2, 2019 email is attached hereto as **Exhibit P.**

25.     On January 2, 2020, Secret emailed RIDS to ask for an estimated date of completion for the Request.  A true and correct copy of Secret's January 2, 2020 email to the FBI is attached hereto as **Exhibit Q**.

26.     By email on January 3, 2020, an FBI public information officer responded that the estimated date of completion for the Request was May 2021. A true and correct copy of the FBI's January 3, 2020 email is attached hereto as **Exhibit R.**

27.     On February 7, 2020, Secret emailed RIDS to ask for an estimated date of completion for the Request. A true and correct copy of Secret's February 7, 2020 email to the FBI is attached hereto as **Exhibit S**.

28.     Later that same day, an FBI public information officer responded via email that the estimated date of completion for the Request was January 2024. A true and correct copy of the FBI's February 7, 2020 email is attached hereto as **Exhibit T.**

29.     On May 27, 2020, Secret emailed RIDS to ask for an estimated date of completion for the Request. A true and correct copy of Secret's May 27, 2020 email to the FBI is attached hereto as **Exhibit U**.

30.     On June 2, 2020, an FBI public information officer responded via email that the estimated date of completion for the Request was April 2024. A true and correct copy of the FBI's June 2, 2020 email is attached hereto as **Exhibit V.**

## Current Status of the Request

31.     As of the filing of this Complaint, Plaintiff has received no further communication from the FBI with respect to the Request.

32.     As of the filing of this Complaint, Plaintiff has received neither a final determination nor any records in response to the Request.

33.     As of the filing of this Complaint, the Request has been pending for 357 days.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF FOIA FOR FAILURE TO COMPLY
WITH STATUTORY DEADLINES**

34.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 33 as though fully set forth herein.

35.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

36.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

37.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

38.     Defendants failed to make a timely determination regarding Plaintiff's Request, violating the statutory deadline imposed by FOIA.  5 U.S.C. § 556(a)(6)(A).

39.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

**COUNT II**

**VIOLATION OF FOIA FOR UNLAWFUL
WITHHOLDING OF AGENCY RECORDS**

40.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 33 as though fully set forth herein.

41.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

42.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

43.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

44.     Defendants have not released any records or portions thereof in response to the Request.

45.     Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

46.     Defendants have not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

47.     Defendants have improperly withheld records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

48.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Request and to immediately disclose, in their entirety, all records responsive to Request that are not specifically exempt from disclosure under FOIA;

(2) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(3) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(4) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: August 10, 2020

Respectfully submitted,

/s/ Katie Townsend

Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*